ROBERT H. GRAY *vs.* MAINE CENTRAL RAILROAD COMPANY.

Penobscot. Opinion April 1, 1916.

*Contributory Negligence.    Damages.    Evidence.*

Action brought to recover damages for injuries sustained by reason of the alleged negligence of the defendant. Heard on defendant's motion for new trial and on exceptions.

*Held:*

1. Evidence is incompetent if not fit for the purpose for which it is offered. For evidence to be fit, it must conform to proper standards. Irrelevant evidence indicates that kind of incompetence which results from having no just bearing on the issue. If not barred by these rules the evidence is not to be excluded on the ground of incompetence or irrelevancy.

2. As to intrusion upon the special field of the jury by conclusions of witnesses, no hard and fast rule can well be applied. As to receiving conclusions of the witness, it is a sane and salutary proposition that the fact that a given mental act assumes the phraseology appropriate to a conclusion is by no means sufficient to insure its rejection. Administration looks not only at the appearance, but penetrates through that into the reality, the essential nature of that which it is proposed to submit to the

tribunal. It will scrutinize, not the form of language, but the nature of the subject matter with which the reasoning deals, in what ways these are related to the province of the jury or of the court, and how largely a matter of speculation or guess work the so-called opinion quoted is. Should the facts involved, the observations made, be comparatively few and simple and lead, in the judgment of all reasonable men, to but one necessary inference, the conclusion will be received, whatever may be the language in which it is couched. It is, in main, a matter of fact, and will be so treated.

3. Testimony of acts offered, not for the purpose of showing custom among men, but to show knowledge, or opportunity for knowledge, on the part of defendant, and the corresponding care necessary, is admissible.

Action by Robert H. Gray, an infant under the age of twenty-one years, who sues this action by Belle A. Gray, his next friend, to recover damages on account of the injuries received by plaintiff, through the alleged negligence of defendant. Plea, general issue. Verdict for plaintiff. Exceptions and motion for new trial filed by defendant. Motion and exceptions overruled.

Case stated in opinion.

*Morse & Cook*, for plaintiff.

*Fellows & Fellows*, for defendant.

SITTING: SAVAGE, C. J., KING, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J. This is an action brought to recover damages for injuries sustained by reason of the alleged negligence of the defendant. The plaintiff recovered a verdict of three thousand two hundred sixty-six dollars and sixty-seven cents. The defendant comes to this court upon the customary motion for a new trial, and also upon exceptions to the admission of certain evidence.

The defendant operated its cars upon a side track leading by the doorway of a mill in which the plaintiff was employed. On the day of the accident a box car had been placed opposite this doorway and the plaintiff, with fellow workmen, was engaged in taking shooks from the mill and loading them in the car. The shooks were being piled in both ends of the car and when the loading was partially completed the defendant, by its yard crew, attached a locomotive and other cars to the car in which the loading was being done, for the purpose of placing another car upon another side

track. The plaintiff and his fellows entered the car which they were loading in order to hold up the shook piles and thus prevent them from falling when this car was coupled to another car in being moved from and returned to its place opposite the doorway. The testimony appears to establish the fact that this car was wider than those ordinarily used by the defendant. It also appears that the defendant had permitted a coal shed to be erected by another corporation with beams projecting so near the side track that this wider car, in passing those beams was struck by one of them. Just before the collision the plaintiff looked out of the moving car, as he says, "to see when we got to the other car so I could hold my boxes so they wouldn't knock them over." The car door was on the outside of the car and the contact between the car and the beam was upon the edge of the car door, closing it with sudden violence, catching plaintiff's head between the door and door jamb, and inflicting serious injuries.

EXCEPTIONS.

1. Subject to objection by the defendant, the foreman of the crew in which the plaintiff worked was asked whether the men were in the performance of their duty in the car when the accident happened, and what would have happened to the shooks if the crew had left the car when the engine was coupled and the shifting took place. The objection was based upon the ground that the questions were incompetent and irrelevant, and as calling for conclusions within the province of the jury. Evidence is incompetent if not fit for the purpose for which it is offered. Irrelevant evidence indicates that kind of incompetence which results from having no just bearing on the issue. But for evidence to be fit it must conform to proper standards, and so, when the objection is made that the questions called for conclusions within the province of the jury, then, if this be true, the objector has only specified under a generic term. Were these questions relevant? Did they bear upon the subject or issue? Clearly yes, for the defendant raised the issue, as part of its defense, whether the plaintiff was properly and lawfully in the car, and if so whether he was there as a mere licensee or otherwise. Were the questions incompetent, not conforming to proper standards, because they called for conclusions within the province of the jury? As to intrusion upon the special field of the

jury by conclusions of witnesses there has been much discussion but, as one writer has said, "No hard and fast rule, so dear to the heart of formal or technical procedure, can well be applied." As to receiving conclusions of the witness, this sane and salutory proposition seems to be applicable to the case at bar. "As is abundantly illustrated by the decisions, the fact that a given mental act assumes the phraseology appropriate to a conclusion is by no means sufficient to insure its rejection. Administration looks not only at the appearance but penetrates through that into the reality, the essential nature of that which it is proposed to submit to the tribunal. It will scrutinize, not the form of language, but the nature of the subject matter with which the reasoning deals, in what ways these are related to the province of the jury or of the court, and how largely a matter of speculation or guess work the so-called opinion quoted is. Should the facts involved, the observations made, be comparatively few and simple and lead, in the judgment of all reasonable men, to but one necessary inference, the conclusion will be received, whatever may be the language in which it is couched. It is, in main, a matter of fact, and will be so treated." *Chamberlayne on Evidence,* Vol. III, sec. 2301 and cases there cited. Applying this rule to the objection under discussion it would seem plain that the evidence was properly admitted.

2. Objection was also made to the admission in cross examination of certain questions addressed to and answered by a witness called by defendant, upon the claim that those questions related to customary acts of others, and in support of this objection the defendant cites *Swasey* v. *M. C. R. R. Co.,* 112 Maine, 399. The testimony was not offered for the purpose of showing custom but to show knowledge that men were in the cars, or opportunity for knowledge, on the part of the conductor of the train, and the necessity of corresponding care. This objection fails for the evidence was properly admitted upon the latter grounds.

MOTION.

The defendant urges not only that its negligence was not established but that the evidence shows contributory negligence on the part of the plaintiff. The charge of the presiding Justice is not made part of the case and we must therefore assume that appro-

priate instructions were given upon those elements. Under those instructions the jury has found its verdict in favor of the plaintiff. That the damages are excessive is also urged. While the court might have assessed those damages in a smaller sum, if the decision was primarily addressed to that tribunal, yet the questions of negligence and amount of damages are facts properly within the forum of the jury and we are not convinced of such manifest error on the part of the jury findings as to require us to disturb them.

*Motion and exceptions overruled.*